**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GREGORY LYNN HOWARD,**

        **Plaintiff,**

   **v.**                         **CASE NO. 09-3085-SAC**

**DOUGLAS COUNTY JAIL,**

        **Defendant.**

**MEMORANDUM AND ORDER**

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Douglas County Jail, Lawrence, Kansas (DCJ). Having examined all materials filed by plaintiff, the court finds as follows.

**CLAIMS AND FACTUAL ALLEGATIONS**

As the basis for his complaint, Mr. Howard claims that "over the last 19 months" while confined at the DCJ, his confidential "health information" protected under "HIPPA regulations" has been improperly disclosed. As count 1, he claims "officers", several mentioned by name, are continually mishandling and reading his medical information. As count 2, he alleges that his personal information was given "to private citizen Brandon Bell" who spoke of it openly in a crowded court room.

In a written statement attached to his complaint, plaintiff alleges "the numerous ways" his confidentiality has been violated. Therein, he generally complains that at the DCJ the Visiting Nurse's Association (VNA), responsible for inmate health care, and "the county officers" have "failed to follow procedures to insure" that

the inmates' "protected health information, (HIPPA)" remains confidential.  More specifically, he complains that under "the procedure" for handling "medical slips" an inmate is not allowed to give a slip directly to medical staff.  Instead, he must give it to an officer who takes it to the guard shack until a medical staff member arrives.  Then the slip with the diagnosis on it is returned "in the mail" to the officer, who removes a file copy and gives the other to the inmate.  He further complains of the denial of the VNA Supervisor's request that the County install "lock boxes in the pods" for slips to insure that medical staff only are handling them.  He also complains because guards rather than medical staff distribute medications to inmates, and that mental and medical health files are kept together resulting in the different staff for each having access to both.

Plaintiff additionally complains of certain incidents.  In one, he states he sent a private, sealed letter to a person at a mental health facility, which was improperly opened and read by Sgt. Izell and Officer Carlson[1].  In another, he alleges that for documentation he wrote "daily updates" on his neck injury at the DCJ, which the VNA "supervisor" forwarded to DCJ Sgt. Steve Freeman, and justified by stating an inmate's medical file "is the property of the jail." He also alleges that when he had an outbreak of Herpes, a nurse (Yovett) came to the pod and explained his results over the intercom from the guard station, where it was overheard by two guards and other inmates.  After another outbreak, he alleges a guard discussed his condition on the telephone with medical staff again making other

---

[1] Plaintiff adds that he grieved this incident, received apologies, and Undersheriff Massey's assurance that it would never happen again.

2

inmates aware of his condition. The court notes that plaintiff does not provide the dates on which the above incidents took place. Nor does he name as defendants the persons who actually participated in the described events.

Finally, plaintiff alleges that on November 5, 2008, during court proceedings, Brandon Bell, "an attorney hired by the defendant to assist in prosecution", gave testimony regarding plaintiff's mental state of mind, and produced "an envelope full of material that had been copied out of (plaintiff's) file at the jail." He states the materials included medical (request) slips and grievances with responses, and that Sgt. Steve Freeman, an officer at the DCJ, copied these materials and gave them to Mr. Bell[2].

Plaintiff asserts that all his medical information is private, confidential, and protected under HIPAA laws, and should not be disclosed to anyone without his written release. He asks the court to order that jail officers not have access to inmate medical information, inmate "records" not be "given out to public", and medical "slips be returned (to the inmates) by medical staff or in sealed envelope." He also seeks money damages for defamation of character, stress from other inmates knowing his condition, and mental anguish "from continually pushing for (his) right to patient-doctor confidentiality and being denied."

---

[2] Plaintiff provides too little detail about this lawsuit and the apparent production and admission of his medical records. If his medical or mental condition was at issue in some way, his records were subject to disclosure under K.S.A. § 60-427. Subsection (d) of that statute states: "[t]here is no privilege under [K.S.A. § 60-427] in an action in which the condition of the patient is an element or factor of the claim or defense of the patient." Moreover, rulings on such matters were within the judge's discretion and subject to objection and appeal. Plaintiff does not allege sufficient facts to indicate that a federal constitutional violation occurred in connection with this judicial proceeding.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).  The account statement provided in support of this motion shows only three transactions over the past year, and does not include a current balance.  Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action.  Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months.  28 U.S.C. § 1915(b)(1)(A) and (B).  However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  28 U.S.C. § 1915(b)(4). Having considered the financial records provided, the court finds that plaintiff appears to have insufficient funds to prepay the filing fee or to pay an initial partial filing fee at this time, and grants plaintiff leave to proceed without prepayment of fees. However, plaintiff remains obligated to pay the $350.00 district court filing fee in this civil action, and payments are to be automatically collected from his inmate trust fund account when funds become available as authorized by 28 U.S.C. § 1915(b)(2)[3].

---

[3] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Howard is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**IMPROPER DEFENDANT**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A pro se complaint must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In the caption of the instant complaint, and under "Jurisdiction", the only defendant named is Douglas County Jail (DCJ).  This defendant is clearly subject to being dismissed for the reason that DCJ is a facility and not a "person" subject to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 66, 71 (1989)(a state agency is not a "person" that Congress made amenable to suit under § 1983); Davis v. Bruce, 215 F.R.D. 612,

5

618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005). Plaintiff describes the defendant as "employed as Undersheriff, Sgt., Lt., officers" and acting as "staff at Douglas County Jail." He also refers to several persons by name or title in the body of his complaint. However, he does not name any of those persons as defendants in the caption or provide the personal information for each that is required. Thus, the court finds that the only named defendant is subject to being dismissed.

**FAILURE TO STATE A CLAIM**

As noted, in order to state a claim under § 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. Plaintiff claims a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. 104-191, 110 Stat. 1936 (Aug. 21, 1996). In enacting HIPAA, Congress "mandated the establishment of national standards for protection of the privacy of individually identifiable health and medical information." See Wallin v. Dycus, 2009 WL 798839 (D.Colo. Feb. 25, 2009, slip copy). Consistent with this statutory mandate, the Department of Health and Human Services (HHS) promulgated rules and regulations governing the release and transmittal of "individually identifiable health information" by health care providers. See 45 C.F.R. 160.101 et seq. However, all courts to consider the matter have held that HIPAA does not create a private right of action. See Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006)(While no other circuit court has specifically addressed this issue . . . [e]very district court that has considered this issue is in agreement that the statute does not support a private right of

action.)(citing see, e.g., Agee v. United States, 72 Fed.Cl. 284 (2006); Walker v. Gerald, 2006 WL 1997635 (E.D.La. June 27, 2006); Poli v. Mountain Valleys Health Ctrs., Inc., 2006 WL 83378 (E.D.Cal. Jan.11, 2006); Cassidy v. Nicolo, 2005 WL 3334523 (W.D.N.Y. Dec.7, 2005); Johnson v. Quander, 370 F.Supp.2d 79 (D.D.C. 2005), aff'd, 440 F.3d 489 (D.C. Cir.), cert. denied, 549 U.S. 945 (2006); Univ. of Colo. Hosp. Auth. v. Denver Pub. Co., 340 F.Supp.2d 1142, 1145 (D.Colo. 2004)(also collecting cases); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F.Supp.2d 1176 (D.Wyo. 2001); Means v. Ind. Life & Accident Ins. Co., 963 F.Supp. 1131 (M.D.Ala. 1997); Wright v. Combined Ins. Co. of Am., 959 F.Supp. 356 (N.D.Miss. 1997)(parts of cites omitted)); Taylor v. Morse, 2008 WL 3822962 (N.D. Cal., Aug. 13, 2008)(There is no private right of action to enforce HIPAA privacy rights.); Logan v. Dept. of Veterans Affairs, 357 F.Supp.2d 149, 155 (D.D.C. 2004)(Because HIPAA provides exclusive authority to enforce its provisions with the Department of Health and Human Services, there is no basis to imply a private cause of action.); Sconiers v. California Dept. of Social Services, 2008 WL 53231, *4 (E.D.Cal. Jan. 2, 2008, slip copy).

The courts have reasoned, first that HIPAA does not contain any express language conferring privacy rights upon individuals and does not identify a class of persons as the intended beneficiaries of its protections.  Instead, it focuses on regulating persons that have access to an individual's medical information and who conduct certain health care transactions.  42 U.S.C. § 1320d-1.  Secondly, HIPAA expressly provides the penalties for improper disclosures of medical information, see 42 U.S.C. §§ 1320d-5, d-6; and limits

7

enforcement to the Secretary of HHS[4]. This specific delegation of its enforcement, "is a strong indication that Congress intended to preclude private enforcement." Univ. of Colo. Hosp. Auth., 340 F.Supp.2d at 1144-45 (The specific punitive enforcement provision precludes any finding of an intent by Congress to create a private right of action.); Logan, 357 F.Supp.2d at 155 ("[T]he law specifically indicates that the Secretary of HHS", not a private individual, "shall pursue the action against an alleged offender.").

Since HIPAA does not make available a private right or cause of action as a means of enforcement, plaintiff states no claim for injunctive or monetary relief based upon alleged violations of the HIPAA protections. See e.g., Acara, 470 F.3d at 572 ("[T]here is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction."); Smith v. Smith, 2007 WL 2332394, *2 (E.D.Ky. Aug. 13, 2007, unpublished)(Because plaintiff had no private right of action under HIPAA, claim must be dismissed with prejudice.); Taylor, at *6 (Because there is no such right, plaintiff's HIPAA claim is not cognizable under 42 U.S.C. § 1983.).

The court further notes an inmate may not bring a federal cause of action for mental or emotional injury absent a prior showing of physical injury. The pertinent statute provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It follows that plaintiff's assertions of stress and mental anguish alone are insufficient to

---

[4] HIPAA provides both civil and criminal penalties for improper disclosures of medical information.

8

entitle him to the relief he seeks.  Moreover, a claim of defamation of character is not one of a federal constitutional violation.  Such a claim sounds in tort and may be brought in state court.  It is not grounds for relief under § 1983.

Plaintiff in his complaint has not asserted the violation of a federal constitutional right[5].  Nor has he alleged facts to support such an assertion[6].

---

[5]   The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment, Whalen v. Roe, 429 U.S. 589, 599-600 (1977), "though its contours continue to be refined." See Franklin v. McCaughtry, 110 Fed.Appx. 715, 718-19 (7th Cir. 2004)(citing see Denius v. Dunlap, 209 F.3d 944, 956 (7th Cir. 2000)).  The Tenth Circuit Court of Appeals "has repeatedly interpreted the Supreme Court's decision in (Whalen) as creating a right to privacy in the non-disclosure of personal information," including confidential medical information.  Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir. 2000), cert. denied, 534 U.S. 840 (2001)(citations omitted); A.L.A. v. West Valley City, 26 F.3d 989, 990 (10th Cir. 1994)("There is no dispute that confidential medical information is entitled to constitutional privacy protection.").  The question becomes more difficult when the personal information is that of a prison inmate.  While "prison inmates do not shed all fundamental protections of the Constitution at the prison gates," Doe v. Delie, 257 F.3d 309, 315 (3rd Cir. 2001)(citing Wolff v. McDonnell, 418 U.S. 539, 555 (1974)); they retain only those rights that "are not inconsistent with their status as prisoners or with the legitimate penological objections of the corrections system."  Id. (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)).  The Supreme Court has held that prisoners do not have a Fourth Amendment right to privacy in their cells.  Hudson v. Palmer, 468 U.S. 517, 529 (1984).  However, the right to confidentiality of medical information has been viewed as distinct from the right of privacy implicated in Hudson.  Delie, 257 F.3d at 316 (citing e.g. Powell v. Schriver, 175 F.3d 107, 112 FN 3 (2nd cir. 1999)).  "Two other circuits in recent years have recognized such a right", but "in both instances the underlying facts involved the purposeful dissemination of intensely private medical information about the complaining inmates."  Franklin, 110 Fed.Appx. At 719 (citing see Delie, 257 F.3d at 311, 317; Powell, 175 F.3d at 107, 109, 112 (involving HIV-positive status and transsexualism)); see also Woods v. White, 689 F.Supp. 874 (W.D.Wis. 1988), aff'd without opinion, 899 F.2d 17 (7th Cir.1990).  The matter appears to be undecided in other circuits.  See Bailey v. County of Kittson, 2008 WL 906349 (D.Minn. Mar. 31, 2008, slip copy)([T}he Eighth circuit has yet to decide the issue).  Even assuming such a right does exist, prisoners "at best have very limited privacy rights."  Franklin, 110 Fed.Appx. at 718-19 (citing see Anderson v. Romero, 72 F.3d 518, 522 (7th Cir. 1995)); Cortes v. Johnson, 114 F.Supp.2d 182, 185 (WDNY 2000)(Prisoners do not have a constitutional right to complete confidentiality of medical records); Bailey, 2008 WL 906349 at *7.

[6]   Howard does not complain of public disclosure regarding HIV status or transsexualism.  As the Second Circuit noted, "the interest in the privacy of medical information will vary with the condition."  Schriver, 175 F.3d at 111.  The only medical condition referred to in the complaint is Herpes.  This court has found no Supreme Court, Circuit or district court opinion holding an inmate had a federal constitutional right to nondisclosure of information regarding Herpes.  Other than the two Herpes outbreaks, plaintiff does not specify what personal medical conditions were disclosed as a result of the alleged events.  Nor does he state facts showing that jail officials and medical staff acted with an improper motive or with no legitimate penological purpose.  See Herring, 218 F.3d at 1177.

Mr. Howard will be given time to file an "Amended Complaint" in this case on forms provided by the court curing the deficiencies set forth in the foregoing Memorandum and Order or to otherwise show cause why this action should not be dismissed for the reasons stated herein. If he does not respond in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an Amended Complaint curing the deficiencies discussed herein or to otherwise show cause why this action should not be dismissed for reasons stated herein.

The clerk is directed to transmit a copy of this Memorandum and Order to the finance officer at the institution where plaintiff is currently confined, and to transmit to plaintiff forms for filing an amended § 1983 complaint.

**IT IS SO ORDERED.**

Dated this 28th day of May, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

The dissemination of an inmate's medical information by public officials involved in the provision of inmate health care as well as institutional security might be reasonable.