IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY LYNN HOWARD,

                    Plaintiff,

          v.                        CASE NO. 09-3085-SAC

DOUGLAS COUNTY JAIL,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

          This matter is before the court upon plaintiff's Motion for
Discovery and Inspection (Doc. 7), Motion for Extension of Time to
File Response (Doc. 8) as supplemented, and Amended Complaint (Doc.
10).  Having considered these materials together with the file and
relevant legal authorities, the court finds as follows.


<u>PENDING MOTIONS</u>

          The court has considered plaintiff's second Motion for an
Extension of Time to File a Response (Doc. 8), and finds it should
be denied.  Plaintiff was previously informed that his alleged need
for additional time to acquire his jail and medical files and to
send out for legal materials did not provide good cause for a
lengthy extension.  The court informed plaintiff that in order "to
respond to the court's Memorandum and Order" he was "not required
to present evidence at this juncture" or legal authority,
particularly state statutes.  In any event, plaintiff has filed his

Amended Complaint in compliance with the court's prior Order.  It follows that his request for an additional extension of time is moot.

The court has considered plaintiff's Motion for Discovery and Inspection (Doc. 7), and finds it should be denied.  In this motion, plaintiff seeks an order requiring "Visiting Nurse's Association, Lawrence, Kansas" to produce "all medical files for Gregory L. Howard from Oct. 18, 2007 to June 18, 2009."  Plaintiff does not allege any facts indicating that these records are relevant to the claims raised in his Amended Complaint.  Nor has he followed proper discovery procedures for making a request in a federal court case for production of documents.  In any event, the Visiting Nurse's Association is not a party in this case.

**AMENDED COMPLAINT**

Plaintiff has filed an Amended Complaint (Doc. 10).  This document completely supercedes the initial complaint filed in this case.  Any claims or allegations in the original complaint that were not expressly included in the Amended Complaint shall not be considered further.  Defendant "Douglas County Jail" is not named in the Amended Complaint, and is dismissed from this action.

**FACTUAL BACKGROUND AND CLAIMS**

The defendants named in plaintiff's Amended Complaint are three employees of the Douglas County Jail: Deputy J. Carlson, Sgt.

Izell Brown, and Sgt. Steve Freeman.  Plaintiff asserts defendants violated his federal constitutional "right to privacy" and "right to send mail without state interference."

As factual support for these claims, plaintiff alleges the following.  He generally states that defendants have "on numerous occasions" opened and read his "personal, private correspondence with Bert Nash Comm. Mental Health" (BNMH).  He specifically alleges that on August 5, 2008, he handed defendant Carlson a sealed envelop addressed to BNMH, expecting her to take it to the nurse who was passing out medicine who would in turn take it downstairs to the BNMH office.  Instead, defendant Carlson and her supervisor defendant Brown opened and read the private letter.  They also "were maliciously spreading gossip around to facility staff."  He became aware of their conduct later that day during "Nurse Call" when "the nurses were joking and making comments" as to its contents, which was extremely embarrassing.  Plaintiff also alleges that defendant Carlson submitted a Report on June 4, 2008, in which she stated that on May 30, 2008, she read a letter plaintiff had written to KH[1], and recounted its contents in the report.  In the same Report, defendant Carlson stated that on May 31, 2008, she was made aware of a letter by plaintiff to a KZ "with BNMH", in which plaintiff "made direct threats towards (Carlson) and another officer."  On June 13, 2008, plaintiff received an apology from Undersheriff Massey stating "this had been addressed"

[1]    Initials are used rather than the names of his intended correspondents provided by plaintiff.

3

and informing KH and plaintiff it would not happen again. Defendant Freeman replied in a grievance that Massey "addressed this issue and from this point all medical and mental correspondence will be sent directly down to medical." Plaintiff then makes the conclusory statements that "since that time officer still continue to read all this information," and nothing has changed.

As to defendant Freeman, plaintiff alleges that he improperly provided an envelope of information to an attorney containing "three documents pertaining to (plaintiff's) medical information" without plaintiff's written consent, and that the attorney attacked plaintiff's mental state of mind in court.

Plaintiff states that "this complaint is solely to do with privacy issues regarding mental health information." He asserts that he has an expectation of privacy in his "private mail addressed to mental health staff" that is guaranteed by the United States Constitution[2]. He claims defendants have violated that right, as well as his "right to send mail without state interference." He seeks the installation of lock boxes in all pods at the jail "to ensure some type of privacy for the inmates," and $5000.

---

[2]      Plaintiff also cites the BNMH Center's "authorization of release" as stating "medical behavioral health records are confidential, and are specifically protected by federal regulations", and that "federal regulations prohibit the recipient of the information from making further disclosure without the specific written consent of responsible person."  However, this is not legal authority entitling him to the requested relief.

4

**SCREENING**

Because Mr. Howard is a prisoner, the court is required by statute to screen his Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened the Amended Complaint, the court finds it is subject to being dismissed for reasons that follow.

**CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT**

It has come to the attention of the court, due to mailings in another pending case filed by Mr. Howard, that he is no longer confined at the Douglas County Jail. It follows that to the extent plaintiff seeks injunctive relief, such as his request that lock boxes be placed in the jail, those claims are moot.

**FAILURE TO STATE FACTS TO SUPPORT A FEDERAL CONSTITUTIONAL CLAIM**

At the outset, the court notes that it disregards plaintiff's conclusory allegations that defendants have opened and read his private correspondence "on numerous occasions" and that "officer still continue to read all this information." Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. Haines v. Kerner, 404 U.S. 519 1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). A "pro se litigant's pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers". <u>Id</u>. However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. <u>Id</u>.

The court finds that plaintiff's claim that defendant Freeman provided medical information to a lawyer used in a lawsuit is insufficient to state a claim of federal constitutional violation. Plaintiff raised this same claim in his original complaint. There the court stated:

> Plaintiff provides too little detail about this lawsuit and the apparent production and admission of his medical records. If his medical or mental condition was at issue in some way, his records were subject to disclosure under K.S.A. § 60-427.

The court further stated that rulings on the production and admissibility of a party's medical evidence at trial were subject to objection and appeal. Plaintiff still has provided no details regarding this legal proceeding, and does not allege that his condition was not an element or factor of a claim or defense in this proceeding. Nor does he state that he objected to the medical evidence, or argued it was privileged despite state law. Plaintiff simply fails to allege facts showing defendant Freeman violated his federal constitutional rights by providing information, which is not described other than as medical, to an attorney in a court proceeding.

Plaintiff's remaining claims are that his right to privacy

and to be free of mail interference were violated by defendant
Carlson reading three private letters and defendant Brown reading
one of those three.  In its prior Memorandum and Order dated May
28, 2009, the court set forth the legal standards applicable to an
inmate's claim of a violation of his right to privacy.  Those
standards apply to plaintiff's claims in his Amended Complaint.  As
this court noted, the Supreme Court has recognized a constitutional
right to information privacy, Whalen v. Roe, 429 U.S. 589, 599-600
(1977), and the Tenth Circuit Court of Appeals has held that Whalen
created a right to privacy in the non-disclosure of confidential
medical information.  Herring v. Kennan, 218 F.3d. 1171, 1175 (10th
Cir. 2000), cert. denied, 534 U.S. 840 (2001).  However, inmates
"retain only those rights that are not inconsistent with their
status as prisoners" or with legitimate penological objectives.  An
inmate's right to confidentiality of medical information is
undecided in most circuits, and recognized in only two circuits in
very limited circumstances.  The underlying facts in those cases
recognizing such a right "involved the purposeful dissemination of
intensely private medical information about the complaining
inmates", namely their HIV-positive status and transsexualism.
This court thus advised plaintiff that "[e]ven assuming such a
right does exist", prisoners "at best have very limited privacy
rights." Franklin v. McCaughtry, 110 Fed.Appx. 715, 718-719 (7th
Cir. 2004)(citing see Anderson v. Romero, 72 F.3d 518, 522 (7th Cir.
1995)(Prisoners do not have a constitutional right to complete
confidentiality of medical records).  The court then pointed out

7

that plaintiff was not complaining of public disclosure or disclosure of information regarding HIV status or transsexualism. The court also noted that plaintiff did not state facts showing jail officials and medical staff had acted with an improper motive or with no legitimate penological purpose. See Herring v. Kennan, 218 F.3d 1171, 1177 (10th Cir. 2000), cert. denied, 534 U.S. 840 (2001).

Plaintiff was given time to cure the deficiencies found upon screening his original complaint.  He filed an Amended Complaint dropping an improper defendant and his claim of a right to relief under HIPPA, and changed the asserted legal authority for his claim to a constitutional right to privacy.  However, he has alleged no additional facts showing either that he had a right to privacy as to his letter addressed to BNHM that was read by defendants Carlson and Brown on August 5, 2008, or his letter to KH and his letter to SZ apparently read and reported on by defendant Carlson on June 4, 2008.  Plaintiff does not provide or summarize the contents of either letter.  Nor does he allege any facts showing he was injured in such a way as to be entitled to $5000 in damages from these defendants under § 1983.

Plaintiff alleges that after reading the letter on August 5, 2008, defendants caused him to be embarrassed by gossiping to others who joked and commented regarding its content.  While these facts taken as true are certainly not indicative of professionalism on the part of jail and medical staff, they are not enough to state a federal constitutional violation.  As plaintiff was previously

informed, he may not recover under § 1983 for mental or emotional injury absent a prior showing of physical injury.

With respect to the letter to KZ, the only indication as to its content is that it included a "direct threat" to defendant jail employee Carlson. Plaintiff, a jail inmate, cannot state a privacy interest in correspondence that contains threats to correctional staff or without divulging its actual contents. Jail officials have the authority to screen inmate correspondence for legitimate penological purposes. Furthermore, while the court might assume that the dissemination of an inmate's medical information to the general public is prohibited, its disclosure to public officials responsible for the provision of inmate health care and institutional security is presumptively reasonable. The court concludes that taking the few facts alleged by plaintiff as true, he fails to state sufficient facts to support a claim of violation of an established right to privacy.

The court further finds that plaintiff does not state facts to support a claim of State interference with his mail. Plaintiff does not even allege that he submitted any of the three letters in question for mailing in the U.S. postal system. Instead, he plainly alleges that one was handed over for delivery to an on-site office. Nor does he claim that any letter he submitted for mailing was censored and never delivered to the recipient.

The court emphasizes it does not decide that an inmate has no right to privacy in personal information contained in his mental health care file. Rather, the court simply holds that the facts

alleged by plaintiff in this case are insufficient to show a federal constitutional right to privacy in the contents of the letters in question and that the right was violated by the alleged acts of the defendants.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Discovery and Inspection (Doc. 7) and plaintiff's Motion for Extension of Time to File Response (Doc. 8) are denied.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for the reasons stated herein and in the court's Memorandum and Order dated May 28, 2009.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge